STATE OF NORTH CAROLINA v. JERRY DALE HUNTER

No. 7524SC642

(Filed 19 October 1977)

**Homicide § 24.2— reduction of crime from murder to manslaughter—burden of proof—erroneous instruction**

> Upon remand from the U.S. Supreme Court, a defendant convicted of voluntary manslaughter in February 1975 is granted a new trial because of the court's instructions which placed the burden on defendant to rebut the presumptions of malice and unlawfulness.

DEFENDANT was charged in a bill of indictment with first degree murder. He was tried for second degree murder, having pleaded not guilty to the charge. The jury found the defendant guilty of the offense of voluntary manslaughter and from judgment entered 28 February 1975 imposing a prison sentence he appealed to this Court. Evidence presented at the trial is summarized in our former opinion reported in 28 N.C. App. 465, 221 S.E. 2d 837 (1976). On 2 March 1976 the Supreme Court of North Carolina denied defendant's petition for discretionary review and

State v. Hunter

dismissed his appeal for lack of substantial constitutional question. 289 N.C. 453, 223 S.E. 2d 162 (1976).

On 27 June 1977 the Supreme Court of the United States vacated the decision of this Court and remanded the cause to us for further consideration in light of *Patterson v. New York*, 432 U.S. ---, 53 L.Ed. 2d 281, 97 S.Ct. 2319 (1977) and *Hankerson v. North Carolina*, 432 U.S. ---, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977).

*Attorney General Edmisten, by Associate Attorney James Wallace, Jr., for the State.*

*Swain and Leake, by A. E. Leake, and Chambers, Stein, Ferguson and Becton, by Louis L. Lesesne, Jr., for the defendant.*

MARTIN, Judge.

In our decision filed 4 February 1976, we recognized that the instructions given by the trial court, in placing the burden of proof on the defendant to rebut the presumption of malice and unlawfulness, violate the concept of due process announced for the first time in *Mullaney* and followed by the North Carolina Supreme Court in *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975). However, we declined to give *Mullaney* retroactive effect on the authority of *Hankerson* and found no error in defendant's trial.

The Supreme Court of the United States having allowed certiorari in *Hankerson* and, in an opinion filed 17 June 1977 and reported in 432 U.S. ---, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977), held that the Supreme Court of North Carolina erred in declining to hold the *Mullaney* rule retroactive. Because a decision of the Supreme Court of the United States interpreting the Constitution of the United States is binding upon this Court, we hold that defendant in the case under consideration is entitled to a new trial and it is so ordered.

New trial.

Judges MORRIS and PARKER concur.